28 509
18ap256

EFFIE E. CLARK, APPELLANT, v. CHARLES W. CLARK, RESPONDENT.

*Ante-nuptial agreement — the mutuality of the stipulations is a sufficient consideration — it need not be acknowledged.*

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The action was brought by the plaintiff to recover land in Orange county. The defendant denied that the plaintiff was the widow of the former owner, and also set up an ante-nuptial contract, by which the parties agreed that neither should have any right or interest whatever in or to the property of the other, either real, personal or mixed.

With reference to this agreement the court at General Term said: "There can be no question of the validity of the ante-nuptial contract in this case, unless the evidence be sufficient to show that some fraud or deception was practiced upon the plaintiff, whereby she was induced to sign such contract. The mutuality of the stipulations in the contract constitutes a sufficient consideration to each of the parties thereto for the rights relinquished by the other. (*De Barante* v. *Gott,* 6 Barb., 492; *Pierce* v. *Pierce,* 71 N. Y., 154.) No doubt the court will scrutinize such contracts very closely and will prevent their being made the instruments of oppression, deception or fraud; but, when freely and fairly entered into, upon sufficient consideration, they ought, like all other contracts, to be upheld. Marriage alone may not be a sufficient consideration. It was held in *Curry* v. *Curry* (10 Hun, 366) that it is not. It is unnecessary to express an opinion upon that point. We therefore forbear to do so. But we cannot concur in the observation of the learned judge in that case, that ante-nuptial contracts are against

public policy. On the contrary, we think that the current of decisions respecting marriage settlements shows that when such contracts are freely and fairly entered into, they are generally conducive to the welfare of the parties thereto and subserve the best purposes of the marriage relation.

"The agreement in this case recites the object for which it was made, namely, 'to spare any litigation or hard thoughts which might after such marriage arise in relation to the property now or which may hereafter be owned by either of the parties.' And it is based upon the relinquishment by each of all the marital rights in the property of the other. Certainly, in any view of the case, such an object is a meritorious one, and the consideration ought, as well upon the general principles governing contracts of all kinds as upon considerations of public policy in the particular case, to be held sufficient. * * * The agreement, therefore, must be held to be a perfectly valid and proper one, and the only remaining question is, whether it was necessary that it should be acknowledged. We think it was not. It is not a conveyance within the definition of that term contained in 1 Revised Statutes, 762, section 38, for the title to the real estate of either of the parties thereto is not affected by it, either in law or in equity. It is a mere executory agreement, which can be made effectual only by a decree for the specific performance of it, or by way of equitable estoppel."

The judgment must therefore be affirmed, with costs.

_Allison & O'Neill_, for the plaintiff.

_William Vanamee_, for the respondent.

Opinion by GILBERT, J.; DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.